**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-7837**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD MARLIN ISMEL, a/k/a New York Junior,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (CR-94-8; CA-99-924-7)

---

Submitted: October 6, 2004          Decided: October 28, 2004

---

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Reginald Marlin Ismel, Appellant Pro Se.  Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In 1994, Reginald Marlin Ismel was sentenced to two concurrent terms of life imprisonment without parole for his part in a drug conspiracy and the related murder of Anthony Jones. In 1998, this court affirmed Ismel's conviction. Ismel filed a motion to set aside his conviction in the district court, pursuant to 28 U.S.C. § 2255 (2000). The district court granted the Government's motion for summary judgment and denied Ismel's § 2255 motion. However, upon reconsideration, the court granted Ismel's request for a certificate of appealability on his claim that his trial counsel was ineffective for failing to object to the admission of co-conspirator testimony detailing Ismel's confession to having Jones killed. It is this claim that is now before this court.[*]

To establish a violation of the Sixth Amendment due to ineffective assistance of counsel, Ismel must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Assuming, as the district court did, that counsel's failure to object fell below an objective standard of reasonableness, we agree with the district court that Ismel has not

---

[*]On May 14, 2004, we denied Ismel's motion to expand the certificate of appealability.

- 2 -

demonstrated that but for counsel's actions, the result would have been different.  <u>Strickland</u>, 466 U.S. at 694.  Accordingly, we affirm the denial of Ismel's § 2255 motion on the reasoning of the district court.  <u>United States v. Ismel</u>, Nos. CR-94-8; CA-99-924-7 (W.D. Va. June 10, 2003).  We deny Ismel's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>